Ingraham, J.
—I see no objection to granting this motion in the fact that the plaintiff asks j udgment instead of striking out the answer. The right to judgment follows striking out a sham answer. In People v. McCumber (18 N. Y., 315), the notice of motion was to strike out and to render judgment. This motion was granted, and the order was affirmed. Although it is better to follow the provisions of the Code, still I do not think it necessary to deny the motion on that ground. Upon the merits I entertain more doubt. An answer is sham, if it is false. In People v. McCumber, the judge says: “ The defense may be sham for the sole reason that it is false. So it may be sham if it does not set up a defense.” Do either of these rules apply to this answer ?
The plaintiff avers a mistake on his part in taking an assignment of a lease different from the one intended, and asks to have the defendant adjudged to correct that mistake. The defendant says he made a mistake in the contract of sale, and that the lease he intended to sell was the one he did assign, and asks to have the contract reformed.
There is nothing to show this to be clearly false, although there are some matters in evidence which throw much doubt on the truth of it. Cardwell’s affidavit says that the plaintiff understood he was to pay and did pay *280 $241.87, which was' the highest ground rent. The plaintiff was allowed to take possession of the house he claims to have bought, and has occupied it ever since without objection from the defendant until plaintiff discovered his mistake. In the letter of January 28, defendant expressed his willingness to correct the error,- and refers to Mr. Prentice, his counsel, as authorized to do so. These matters throw great doubt on the bonafides of the answer.
The answer does not show any defense. A mistake by the defendant in the contract, would not entitle him to have it reformed, especially when he has subsequently carried out the contract as made, and suffered the party to take possession of the property so sold without objection. The defect in the answer is that it does not show the plaintiff to have made any mistake in the contract. Without such an allegation, the whole matter set up in the answer is irrelevant, and constitutes no defense. The denial of the motion to strike out the answer as frivolous does not prevent a motion to strike it out as sham.
In this case I doubt very much the truth of the answer ; the facts set up constitute no defense; there is no issue made by it requiring a trial; and there is no good reason for keeping it on the record.
Under all the circumstances, I think the motion should be granted.